UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE DUCH,

    Plaintiff,

v.                                                         Case No. 06-12511
                                                         Hon. Sean F. Cox

JOHN E. POTTER,

    Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to dismiss or, in the alternative, for summary judgment. Plaintiff did not file a timely response and did not appear at the hearing scheduled for July 12, 2007. However, the Court gave Plaintiff an opportunity to file a late response and now decides the Motion on the briefs pursuant to E.D.Mich. LR 7.1. For the following reasons, the Court **GRANTS** Defendant's Motion to dismiss, or in the alternative, for summary judgment.

### I. BACKGROUND

This action arises out of alleged employment discrimination. Plaintiff, Catherine Duch, was employed by Defendant, the United States Post Office. Plaintiff was a supervisor of customer service.

On April 17, 1999, the Oxford Postmaster threatened Plaintiff's life. As a result, Plaintiff claimed she developed major depression and post traumatic stress disorder. On March 23, 2001,

1

Plaintiff applied for and received worker's compensation benefits from the United States Department of Labor ("DOL"). On September 6, 2003, Plaintiff's employment was terminated because her disability did not appear likely to cease within one year. Plaintiff's worker's compensation benefits were terminated on December 2, 2004, after a finding by the DOL that "the weight of the medical evidence establishes that your work-related conditions have resolved."

On January 5, 2005, Plaintiff requested EEO counseling from Defendant. Plaintiff also sent a letter on January 7, 2005, to Linda Gordon, the Manager of Injury Compensation, requesting reinstatement pursuant to 5 U.S.C. § 8106(c) and 20 C.F.R. § 10.12f(e). Plaintiff alleged her injury had resolved. Gordon had retired on January 3, 2007. Debra Hagens, the acting Manager of Injury Compensation took Plaintiff's letter to Deborah Bradford, the Manager of Personnel. Bradford delivered the letter to Frances Chiodini, the Manager of Human Resources, to prepare a response. Chiodini asked Edward Novak to prepare a response. A response was not prepared.

The parties do not provide sufficient information, however, it appears that a mediation was held between Plaintiff and Defendant at some point. The mediation arose prior to the lawsuit being filed but it is not clear when. Plaintiff was allegedly told that based on Defendant's policy, she could not be reinstated as a supervisor, only as a bargaining-unit employee i.e., a part-time clerk/carrier. This policy, as applied in Plaintiff's case, appears to have been rescinded. Bradford admitted that it was incorrect information. However, Plaintiff alleges she was never told the policy would not be applied to her once it was discovered to be inapplicable.

On February 25, 2005, Plaintiff clarified her EEO charges and alleged that Defendant failed to give her a position when she sought to return to work other than as a carrier or as a

clerk. On March 26, 2005, Plaintiff filed an EEO complaint alleging disability discrimination and retaliation based on the failure to reinstate her in a supervisor, or commensurate, position. On May 19, 2005, Bradford, after discovering that Plaintiff never received a response, notified Plaintiff that before Defendant could respond to the request for reinstatement, Plaintiff had to submit an updated medical certification from a licensed psychiatrist within 15 days. Plaintiff had not been treating with a psychiatrist. On April 15, 2005, Plaintiff submitted a statement from her psychologist stating that she was able to return to work without restrictions.

The EEOC administrative law judge allowed Plaintiff to amend her March 26, 2005, EEO charge to further allege that the Defendant told Plaintiff she must pass medical and written examinations, and would then only be returned to a part-time bargaining unit position. After the EEO investigation concluded, Plaintiff requested a hearing. However, she later withdrew her request for a hearing in favor of filing an action in federal court. On May 8, 2006, Defendant issued a final agency decision finding no discrimination. The decision provided information regarding Plaintiff's appellate rights to the Merit Systems Protection Board (MSPB).

On June 6, 2006, Plaintiff filed a Complaint alleging: (1) disability discrimination; and (2) retaliation, both in violation of the Rehabilitation Act, 29 U.S.C. § 794. On April 13, 2007, Defendant filed the instant Motion to dismiss or, in the alternative, for summary judgment. Plaintiff did not file a timely response and failed to appear for the scheduled hearing on July 12, 2007. Nonetheless, the Court allowed Plaintiff an opportunity to file a late response, which Plaintiff did on July 19, 2007. Defendant did not file a reply.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be

granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. ANALYSIS

#### A. Failure to Exhaust Administrative Remedies

Defendant argues that Plaintiff failed to exhaust her administrative remedies under the Federal Employee Compensation Act ("FECA"), even though Plaintiff brought her claim pursuant to the Rehabilitation Act, by failing to appeal Defendant's failure to restore her to her

4

previous position to the MSPB.

Plaintiff alleges that Defendant violated the Rehabilitation Act because it failed to comply with 5 U.S.C. § 8151(b) of FECA on the basis of Plaintiff's disability. Section 8151(b) provides:

(b) Under regulations issued by the Offices of Personnel Management -

(1) the department or agency which was the last employer shall immediately and unconditionally accord the employee, if the injury or disability has been overcome within one year after the date of commencement of compensation...the right to resume his former or an equivalent position, as well as all other attendant rights which the employee would have had, or acquired, in his former position had he not been injured or disabled, including the rights to tenure, promotion, and safeguards in reductions-in-force procedures, and

(2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency.

According to Plaintiff, Defendant violated this statute when it refused to reinstate her in a supervisory or equivalent position. However, Plaintiff brought her claim under the Rehabilitation Act, because she contends the reason Defendant violated the statute was based on her disability and in retaliation for previous EEO filings.

If Plaintiff had brought a claim under the FECA statute, she would have been required to exhaust her administrative remedies by pursuing an appeal with the MSPB. However, the Rehabilitation Act does not require the same prerequisite. Plaintiff's filing of an EEO complaint was sufficient to exhaust her remedies under the Rehabilitation Act. The fact that Plaintiff's claim involves a FECA statute does not preclude the claim from being brought under the Rehabilitation Act. FECA only prevents judicial review of compensation decisions. 5 U.S.C. § 8128. Nothing in FECA prevents Plaintiff's claim. Additionally, in order for Plaintiff to be

5

successful on her claim, she must establish a claim under the Rehabilitation Act and its corresponding law - not FECA. Accordingly, Plaintiff's satisfaction of the Rehabilitation Act's prerequisites to filing a federal claim were sufficient to exhaust her administrative remedies.

**B.** **Disability Discrimination**

Defendant contends that it is entitled to summary judgment on Plaintiff's disability discrimination claim because Plaintiff fails to establish a prima facie case.

The Rehabilitation Act precludes disability discrimination by the United States Postal Service. 29 U.S.C. § 794(a). To recover on a claim of discrimination under the Rehabilitation Act, a plaintiff must establish that: (1) she is an individual with a disability; (2) she is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and (3) she suffered an adverse employment action solely by reason of her disability. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).

"A plaintiff may prove that he was discriminated against based upon his disability either through direct or indirect evidence." *Hedrick v. Western Reserve Care System*, 355 F.3d 444, 452 (6th Cir. 2004).

> Direct evidence of discrimination is that evidence which, if believed, **requires** the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. Circumstantial evidence, on the other hand, is proof that does not on its face establish discriminatory animus, but does allow a factfinder to draw a reasonable inference that discrimination occurred.

*Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003)(citations omitted)(emphasis added). "Rarely will there be direct evidence from the lips of the defendant proclaiming his or her [discriminatory] animus." *Robinson v. Runyon*, 149 F.3d 507, 513 (6th Cir. 1998). The rarity of direct evidence is why plaintiffs are allowed to prove cases through

6

circumstantial and inferential proof. *Id*.

When a plaintiff attempts to meet her burden through circumstantial evidence, the familiar burden-shifting framework articulated in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973) applies. *Jones*, 488 F.3d at 403. First, the plaintiff must establish a prima facie case of discrimination. *Id*. To do so, a plaintiff must establish: (1) that she is disabled; (2) that she is otherwise qualified for the position, with or without reasonable accommodation; (3) that she suffered an adverse employment action; (4) that her employer knew or had reason to know of her disability; and (5) that, following the adverse employment action, either she was replaced by a nondisabled person or her position remained open. *Id*. at 404. "The final element may also be satisfied by showing that similarly situated non-protected employees were treated more favorably." *Id*. If the plaintiff is successful in establishing a prima facie case, the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the challenged employment action. *Id*. If the employer meets its burden, the burden returns to the plaintiff to prove that the employer's proffered reason is a pretext designed to mask illegal discrimination. *Id*.

In this case, Plaintiff claims to be relying on direct evidence of discrimination. It is unclear what direct evidence Plaintiff relies on. The only thing Plaintiff cites to as evidence of discrimination is: (1) the fact that Bradford conceded she gave Plaintiff incorrect information when she told her there was a policy requiring that individuals who wish to return to work from involuntary terminations while out on worker's compensation, and who were absent more than a

year, could only return to work as a part-time carrier or clerk[1]; and (2) Defendant required medical certification from a psychiatrist, despite the fact that Plaintiff was not treating with a psychiatrist. This evidence does not *require* the conclusion that unlawful discrimination was a motivating factor in the application of the alleged policies. It could be that Defendant was merely mistaken in its application of the policies. As Plaintiff points out, Bradford also stated that Plaintiff was the first person she had encountered who requested reinstatement after being on worker's compensation. [Response, Exhibit G, p.28]. The evidence identified by Plaintiff is circumstantial because it would only allow a factfinder to *draw an inference* of discrimination, but it would not require such an inference.

Plaintiff does not articulate the necessary elements of a prima facie case using circumstantial evidence based on the *McDonnell Douglas* framework. Plaintiff does contend that she was disabled; that she was qualified for the position; that she suffered an adverse employment action (to the extent she claims she was denied reinstatement to a supervisory or equivalent position); and it is clear that Defendant knew of Plaintiff's alleged disability. However, Plaintiff does not offer any evidence to satisfy the fifth factor of a prima facie case. Plaintiff presents no evidence, and no argument, that she was replaced by a nondisabled person, or more appropriately, that similarly situated non-protected employees were treated more favorably. In fact, Plaintiff argues that it is "not necessary to provide comparably situated persons, which would be impossible in this case." [Response, p.11]. To support her contention, she directs the court to cases regarding the proper analysis of the employer's legitimate

---

[1] It should also be noted that this policy is not discriminatory on its face because - as Plaintiff states - "[t]he Postal Service practice does not distinguish from those terminated because of disability, voluntary separation, or for disciplinary reasons." [Response, p.2].

8

nondiscriminatory reason. *Id*. at pp.11-12 n.8. These cases are irrelevant to whether Plaintiff is required to establish the fifth element of her prima facie case.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim for disability discrimination pursuant to the Rehabilitation Act.

**C.     Retaliation**

In order to establish a prima facie case of retaliation under the Rehabilitation Act, Plaintiff must establish: (1) she was engaged in legally protected activity; (2) Defendant knew about the Plaintiff's exercise of the right; (3) Defendant took an employment action adverse to the Plaintiff; and (4) the protected activity and the adverse employment action are causally connected. *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001). If the Plaintiff establishes a prima facie case of retaliation, her claim is analyzed under the same burden shifting approach outlined above. *Davis v. Flexman*, 109 F.Supp.2d 776, 802 (S.D.Ohio 1999).

Plaintiff does not address the elements of a retaliation claim in her Response. In her Complaint, Plaintiff alleges that she participated in EEO activity that Defendant was aware of. [Complaint, ¶¶27-28]. Plaintiff alleges that Defendant failed to reinstate her as a customer service supervisor or the equivalent in retaliation for her prior EEO activity. *Id*. at ¶30.

Defendant argues that Plaintiff fails to introduce evidence that its failure to reinstate her as a customer service supervisor was based on her EEO activity. Prior to Plaintiff's 2005 EEO activity based on this incident, Plaintiff's EEO activity was in 2003. The temporal proximity is not sufficient on its own to establish causation. Plaintiff does not offer any evidence to support her allegation that Defendant did not reinstate her based on EEO activity.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claim of

9

retaliation pursuant to the Rehabilitation Act.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to dismiss, or in the alternative, for summary judgment.

**IT IS SO ORDERED.**

<u>**S/Sean F. Cox**</u>
**Sean F. Cox**
**United States District Judge**

**Dated: August 6, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2007, by electronic and/or ordinary mail.**

<u>**S/Jennifer Hernandez**</u>
**Case Manager**